UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DEVAN L. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00002-TWP-DML |
| | ) | |
| SHAWN SCUDDER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Shawn Scudder ("Officer Scudder") ([Filing No. 21](#)). On January 3, 2020, *pro se* plaintiff Devan L. Hall ("Hall") filed this lawsuit against Officer Scudder, alleging excessive force was used against him during an arrest ([Filing No. 1 at 2](#)–3). Officer Scudder argues that the undisputed evidence shows no excessive force was used, and he is entitled to qualified immunity. For the following reasons, Officer Scudder's Motion is **granted**.

## I.        BACKGROUND

On August 19, 2019, Brad Demaree ("Officer Demaree"), a Madison, Indiana police officer, received a telephone call from a Gordmans retail store employee, Stephan McClellan ("McClellan"), who was trained in theft investigations as a school resource officer. McClellan knew that Hall previously had stolen items from Gordmans.  In response to the call, Officer Demaree contacted central dispatch to report that he was on his way to the store and to ask whether Hall had any outstanding warrants.  The dispatcher found one outstanding warrant for Hall in Jefferson County, Indiana.  Officer Demaree contacted Officer Scudder via radio and discussed

the situation with Hall, and they each went to Gordmans in their respective patrol vehicles (Filing No. 23-3 at 2–3; Filing No. 23-4 at 2).

As they arrived at Gordmans, Officers Demaree and Scudder observed Hall enter a vehicle in the parking lot. Officer Scudder pulled his patrol vehicle in front of the vehicle Hall entered. Officer Scudder observed two other individuals in the vehicle and made eye contact with the driver, Westley Ledbetter ("Ledbetter"). Ledbetter put the car into reverse as if he intended to flee, and then he put the car into park. Officer Scudder exited his patrol vehicle, and Hall and Ledbetter also exited their vehicle and fled on foot across the parking lot. Officer Scudder pursued Hall while Officer Demaree ran after Ledbetter. Officer Scudder identified himself and told Hall and Ledbetter to stop, but they continued to flee. Officer Scudder again ordered them to stop, or he would deploy his taser. When they did not comply, Officer Scudder discharged his taser at Hall, but it failed to make contact with him. Officer Scudder (and the store employee) continued to pursue Hall. When they caught up to Hall, they subdued him, took him to the ground, and put him in wrist restraints (Filing No. 23-3 at 3; Filing No. 23-4 at 2–3). Officer Scudder helped Hall back onto his feet and conducted a pat-down search, finding a pair of women's pants hidden inside of Hall's shorts. The pants still had Gordmans tags on them.

Officer Scudder sat Hall next to Ledbetter on a pallet of potting soil. Hall and Ledbetter asked to smoke a cigarette. Officer Demaree removed two cigarettes from a pack found in Ledbetter's pocket and gave one to Hall and one to Ledbetter. As he was smoking, Hall began making disparaging remarks about McClellan. Officer Scudder approached Hall, ordering him to stand up and put out the cigarette.[1] As Officer Scudder approached Hall, Officer Scudder moved

---

[1] The Madison Police Department policies do not allow cigarette smoking in patrol vehicles. Therefore, Officer Scudder removed the cigarette from Hall's mouth prior to escorting him to the patrol vehicle so that Hall would not be smoking the cigarette once he was inside the vehicle (Filing No. 23-4 at 4).

his hand in a downward motion to remove the cigarette from Hall's mouth. When Officer Scudder's hand made contact with the cigarette in Hall's mouth, the cigarette fell to the ground and away from Hall's face and body, and the lit end of the cigarette did not make contact with Hall's face. Officer Scudder's hand did not make contact with Hall's face (Filing No. 23-3 at 3–4; Filing No. 23-4 at 3–4).

When Officer Scudder removed the cigarette from Hall's mouth, Hall did not say anything to indicate the cigarette had burned his face or that he had been injured in any way. After Officer Scudder then placed Hall in the patrol vehicle and transported him to the Jefferson County Jail and turned Hall over to the custody of the jail's booking staff. Hall underwent a medical screening as a part of the book-in process. He did not have any visible burn marks on his face when he arrived at the jail. The officer who conducted Hall's medical screening noted that Hall was not in pain or bleeding when he arrived at the jail. Hall also did not have any visible signs of trauma, illness, or skin problems at the time of his medical screening. Hall also denied having suffered a recent head injury. The booking officer who conducted Hall's medical screening did not observe anything that indicated Hall was burned by a cigarette earlier that day. While incarcerated in the Jefferson County Jail after his arrest, Hall did not seek medical care or treatment for any injury he allegedly sustained from his interaction with Officer Scudder (Filing No. 23-2 at 3–4, 38–39; Filing No. 23-3 at 4; Filing No. 23-4 at 4).

On January 3, 2020, Hall filed a Complaint against Officer Scudder, alleging "police brutality" and denial of his request for "medical attention" in connection with the incident of knocking the cigarette out of Hall's mouth (Filing No. 1 at 3). On January 19, 2021, Officer Scudder filed the instant Motion for Summary Judgment (Filing No. 21). Pursuant to Local Rule 56-1(k), Officer Scudder also provided notice to the *pro se* plaintiff, Hall, regarding the summary

judgment procedures (Filing No. 24).  Hall's deadline to file a response to Officer Scudder's Motion

for Summary Judgment was February 16, 2021, and that deadline passed without a response from

Hall.  Thereafter, the Court issued an Order Directing Final Opportunity to Respond on March 23,

2021, and explained,

> Mr. Hall shall have additional time, through **March 31, 2021**, in which to respond
> to the motion for summary judgment filed on **January 19, 2021**.  If he fails to
> respond to the motion for summary judgment, the consequence will be that Mr. Hall
> has conceded the defendant's version of the events and factual assertions.

(Filing No. 30 at 1 (emphasis in original).)  Hall never responded to the Motion for Summary

Judgment.

## II.   <u>LEGAL STANDARD</u>

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in

order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986).  Federal Rule of Civil Procedure 56 provides that summary

judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v.

Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007).  In ruling on a motion for summary

judgment, the court reviews "the record in the light most favorable to the non-moving party and

draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

"However, inferences that are supported by only speculation or conjecture will not defeat a

summary judgment motion."  *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007)

(citation and quotation marks omitted).  Additionally, "[a] party who bears the burden of proof on

a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific

factual allegations, that there is a genuine issue of material fact that requires trial."  *Hemsworth*,

476 F.3d at 490 (citation omitted).  "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.    DISCUSSION

As noted above, Hall did not respond to the Motion for Summary Judgment although he was served with the Motion and a separate Notice of his right to respond.  *See* Dkt. 24.  The consequence is that Hall has conceded the Defendants statement of undisputed facts. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also*, S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion.  The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.").

In his Complaint, Hall alleges,

[W]hen Officer Scudder seen me he got angry because he had told me no pryor [sic] to Brad letting me smoke so when he seen me smoking I could clearly see the anger on his face and he went to grab the cigarrett [sic] with excessive force because he was angry and he shoved his hand into my face so hard that he mashed a lit

cigarrett [sic] into my face and burned my face in multipule [sic] spots and gave me swelling on my upper lip when this happened I said this is police brutality and on the way to the car I ask [sic] for medical attention which he denied me[.]

(Filing No. 1 at 2–3.)

Officer Scudder argues that summary judgment is appropriate because Hall's allegations have no evidentiary or legal support.  He argues that the force used was minimal and reasonable under the circumstances, his actions were objectively reasonable, and Hall's alleged medical needs were not serious.  Additionally, Officer Scudder argues that he is entitled to qualified immunity.

**A.**     **Hall's Excessive Force Claim**

When an arrestee claims a police officer used excessive force while seizing the arrestee, the claim is evaluated under the Fourth Amendment's objective reasonableness standard. *Scott v. Harris*, 550 U.S. 372, 381 (2007). To establish a claim of excessive force under the Fourth Amendment, a plaintiff must show 1) there was a seizure, and 2) the seizure was objectively unreasonable. *Campbell v. White*, 916 F.2d 421, 423 (7th Cir. 1990). The reasonableness of the force used depends on the totality of the facts and circumstances known to the officer at the time the force is applied.  *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985); *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). The reasonableness test requires an objective inquiry as to "whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an objectively reasonable manner." *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011) (internal citation and quotation marks omitted).

Officer Scudder concedes that he seized Hall, but he argues that the force he used against Hall was *de minimis* and does not rise to the level of a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000) ("a claim ordinarily cannot be predicated upon a de minimis use of physical force . . . [and] not every push or shove by a prison guard violates a

prisoner's constitutional rights"). Officer Scudder asserts that the evidence shows his hand made contact with the cigarette only, not with Hall's face. His hand making contact with the cigarette caused the cigarette to fall out of Hall's mouth and onto the ground away from Hall's face and body. The evidence shows that Officer Scudder's hand did not contact Hall's face and he did not smash the cigarette into Hall's face as alleged in the Complaint. Rather, the evidence shows that Officer Scudder used *de minimis* force to remove the cigarette from Hall's mouth so that he would be in compliance with police policy of no smoking in the patrol vehicle.

Even if the force used against Hall was viewed as more than *de minimis*, Officer Scudder argues he acted in an objectively reasonable manner. It was objectively reasonable for him to remove the cigarette from Hall's mouth in light of the police policy against smoking in patrol vehicles, and the force used was objectively reasonable as shown in the actual evidence. Hall's claim that the cigarette was smashed into his face causing injury "is directly contradicted by the video footage of Scudder's interaction with Hall." (Filing No. 22 at 11 (citing Filing No. 23-3 at 7, video at 9:28).)[2] The video evidence shows that Officer Scudder knocked the cigarette away from Hall's face and body in a downward motion without touching Hall's face. All the other evidence, including the affidavits and the medical screening evidence, show that Hall did not have any injuries. Thus, Officer Scudder asserts, he acted in an objectively reasonable manner and is entitled to summary judgment.

A review of the evidence designated for summary judgment reveals that Officer Scudder acted in an objectively reasonable manner and used *de minimis* force to remove the cigarette from Hall's mouth when effectuating his arrest and moving him to the patrol vehicle to transport him to

---

[2] "[T]he Court may not credit a party's story which is blatantly contradicted by the videographic evidence such that no reasonable jury could believe it." *Johnson v. Rogers*, 2019 WL 203115, at *7 (S.D. Ind. Jan. 15, 2019) (quoting *Scott*, 550 U.S. at 380) (internal quotation marks omitted).

the jail.  No evidence has been designated to support Hall's allegations in the Complaint.  Officer

Scudder's position is well-taken and supported by the case law and the designated evidence.

Therefore, the Court concludes that Office Scudder is entitled to summary judgment on

Hall's excessive force claim.

**B**.     **Hall's Claim for Denial of Medical Treatment**

Medical care and medical treatment claims brought by pretrial detainees are analyzed under

the Fourteenth Amendment.  *See Miranda v. County of Lake*, 900 F.3d 335, 350–51 (7th Cir. 2018).

The Seventh Circuit has explained that a pretrial detainee's medical care claim brought pursuant

to the Fourteenth Amendment is "subject only to the objective unreasonableness inquiry"

identified in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). *Miranda*, 900 F.3d at 352.

> [A] pretrial detainee's medical care [claim] proceeds in two steps. The first step,
> which focuses on the intentionality of the individual defendant's conduct, remains
> unchanged and asks whether the medical defendants acted purposefully,
> knowingly, or perhaps even recklessly when they considered the consequences of
> their handling of plaintiff's case. . . . At the second step, . . . we ask whether the
> challenged conduct was objectively reasonable. This standard requires courts to
> focus on the totality of facts and circumstances faced by the individual alleged to
> have provided inadequate medical care and to gauge objectively—without regard
> to any subjective belief held by the individual—whether the response was
> reasonable.

*McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (internal citations and quotation

marks omitted).

Hall alleges in his Complaint that when Officer Scudder allegedly shoved his hand into

Hall's face, he smashed the lit cigarette onto Hall's face, burning his face in multiple spots and

giving him a swollen upper lip, and Hall allegedly asked for medical attention, which Officer

Scudder denied.

Officer Scudder argues that the evidence shows Hall did not have a serious medical need

at the time that he allegedly requested medical attention.  "An objectively serious medical

condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (internal citation and quotation marks omitted). The evidence shows that Hall did not suffer from a serious medical condition—he did not have burns or swelling on his face when he arrived at the jail, and Officer Scudder did not smash the lit cigarette into Hall's face.

Officer Scudder further points out that the evidence shows Hall did not seek medical treatment for any alleged injuries while he was incarcerated.  He argues that, even if the Court were to find that Hall suffered burns to his face, Officer Scudder acted in an objectively reasonable manner by immediately transporting Hall to the jail where he received a medical examination.

A review of the designated evidence indicates that Officer Scudder acted in an objectively reasonable manner regarding his interactions with Hall.  Hall did not have a serious medical need that required medical care.  The designated evidence shows that Officer Scudder did not smash the cigarette into Hall's face.  The evidence also shows that Hall's medical examination during the booking process at the jail revealed no injuries or pain suffered by Hall, and he did not seek medical care at the jail.  Hall has presented no evidence to support his allegations of cigarette burns and a swollen upper lip.  There are no genuine issues of material fact, and Officer Scudder is entitled to summary judgment on the medical care claim.  Because of the Court's determinations above, the Court need not address Officer Scudder's qualified immunity argument.

## IV.   CONCLUSION

For the foregoing reasons, Officer Scudder's Motion for Summary Judgment (Filing No. 21) is **GRANTED**, and Hall's claims are **dismissed**.  Final judgment will issue under separate order.

**SO ORDERED.**

Date:  8/24/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Devan L. Hall, #281862
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, Indiana  46124

Corey J. Dunn
KIGHTLINGER & GRAY LLP (New Albany)
cdunn@stites.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY LLP (New Albany)
jlowe@k-glaw.com